IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL and LORI LENHART,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>AIR AMERICA, INC., et al.<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:03CV429DAK |

This matter is before the court on Defendants Great-West Life & Annuity Insurance Co. and One Health Plan, Inc.'s ("Great West Defendants") Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Plaintiffs' Motion to Substitute Plaintiff. The court held a hearing on these motions on June 21, 2005. Plaintiffs were represented by Brian S. King, and Defendants were represented by Scott M. Petersen. The court took the motions under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the parties' motions. Now being fully advised, the court enters the following Order.

BACKGROUND

Plaintiff Michael Lenhart was employed by Air America and a participant in Air

1

America's Employee Welfare Benefits Plan ("the Plan").  Medical benefits under the Plan were self-funded.  Air America was obligated to fund the medical claims, but retained defendant Great West Life & Annuity Insurance Company ("Great West") to provide claims administration services in connection with the Plan.  Air America also purchased stop-loss coverage from Great West in order to limit its potential exposure for catastrophic medical claims.

Michael Lenhart and his wife, Lori Lenhart, had a child, Joshua, that was born prematurely on May 19, 2000 at Alta View Hospital.  The baby was life-flighted to Primary Children's where he continued to receive care and treatment.  Plaintiffs' allege that the treatment resulted in medical expenses of approximately $150,000.  Plaintiffs made claims for payment of medical expenses which were denied because the contracts had terminated for lack of funding and failure to pay the administrative service fees and premiums.  Air America never fully funded the Plan–it made one partial payment toward the self-funded portion of the Plan but then paid nothing more.

On September 21, 2002, Plaintiffs filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Utah.  Plaintiffs listed their medical bills under Schedule F–"Creditors Holding Unsecured Nonpriority Claims."   On December 26, 2002, Plaintiffs received a full discharge of their debts, including their medical bills.

On April 6, 2003, Plaintiffs filed suit against Defendants seeking Plan benefits for medical expenses incurred for their son Joshua from May 19, 2000 through July 2000.  Among other claims, Plaintiffs, individually and as guardians of their son, have brought causes of action against Great West Life & Annuity Insurance Co. and One Health Plan for breach of fiduciary duty under ERISA, and negligence and breach of contract based on pre-plan activities.

**DISCUSSION**

The Great West Defendants ague that judgment on the pleadings is proper in this case because Plaintiffs lack standing to bring their claims after their medical expenses were discharged in bankruptcy. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The bankruptcy estate also includes causes of action. *In re Americana Expressways*, 177 B.R. 960, 965 (D. Utah 1995). Plaintiffs included their medical expenses in their bankruptcy schedules in 2002. At the time they listed those debts, any claims for reimbursement became property of the bankruptcy estate. *See Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992) ("Causes of action need not be formally filed prior to the commencement of a bankruptcy case to become property of the bankruptcy estate."). "[A] cause of action belonging to a debtor that existed at the time of the filing of a bankruptcy petition becomes property of the bankruptcy estate and may only be prosecuted by the trustee of the bankruptcy estate." *Id.*

In this case, both the claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and their pre-plan negligence claims had accrued by the time Plaintiffs filed bankruptcy in September 2002. Therefore, their claims became the property of the bankruptcy estate and could only be prosecuted by the Trustee. Accordingly, Plaintiffs lack standing to assert the claims in this action.

Plaintiffs acknowledge that they have no current obligation to the medical providers because the debts were discharged in bankruptcy. However, at the time Plaintiffs obtained treatment for Joshua's medical needs in 2000, the Lenharts signed a "Consent and Conditions of Admissions" form ("Admissions form") assigning to IHC, their health care provider, any and all

benefits the Lenharts had to receive payments for Joshua's medical services. Therefore, Plaintiffs have filed a Motion to Substitute Plaintiff under Rule 17 of the Federal Rules of Civil Procedure, arguing that IHC has stepped into the shoes of the Lenharts for purposes of asserting the Lenhart's claim against the Great West Defendants in this case for payment of medical expenses arising out of Joshua's care and requesting that IHC be substituted as the Plaintiff. Defendants argue that the Lenhart's claims are not assignable to IHC.

Rule 17(A) of the Federal Rules of Civil Procedure provides that:

> Every action shall be prosecuted in the name of the real party in interest . . . no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(A). Rule 17(a) allows for the substitution of the "real party in interest" if the plaintiff's failure to prosecute the action in the name of the real party in action was due to an "honest mistake" and the defendant was not prejudiced. *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004). The court must address each of Plaintiffs' claims in turn to determine whether such a cause of action was assigned to IHC and, thus, IHC is the real party in action.[1]

---

[1] Plaintiffs also have a state law breach of contract cause of action that survived Defendant's previous motion to dismiss. The parties do not address this claim. However, IHC would not have been a potential intended beneficiary of any pre-plan contracts or agreements between the Great-West Defendants and the other defendants. Furthermore, this type of interest was not assigned by the language of the Admissions form. Accordingly, the breach of contract claims was not assigned to IHC and IHC is not the real party in interest as to that claim.

### A. Negligence Claim

Defendants argue that Plaintiff's pre-Plan negligence claim is not assignable and was not assigned by the Admissions form. The general common law rule is that absent a statutory exception, personal torts are not assignable. *State Farm Ins. Co. v. Famers Ins. Exch.*, 450 P.2d 458, 459 (Utah 1969). Plaintiffs, however, claim that IHC has standing to assert the Plaintiffs' negligence claim because IHC could have been a reasonably foreseeable plaintiff. Plaintiffs argue that because the court allowed discovery to be pursued as to whether Defendants owed a duty of care to Plaintiffs with respect to the advice Defendants gave Air America when they were setting up the Plan, the same facts could give rise to a duty to IHC because medical facilities routinely include assignment of benefits language in their admissions forms.

The court conclude that IHC was not a foreseeable plaintiff. "[A] claim for the breach of fiduciary duty, like a malpractice claim, may not be assigned." 6 Am. Jur. 2d Assignments § 65. Utah courts have not decided whether a pre-Plan, professional negligence claim, which is at issue in this case, is assignable. However, the Utah Court of Appeals has recognized that legal malpractice claims are not assignable. *Tanasse v. Snow*, 929 P.2d 351, 353 (Utah Ct. App. 1991). The claim in this case is that the Great West Defendants and certain individually named defendants, violated the appropriate professional standard of care in the pre-plan advice they provided plaintiff's employer. Because this is essentially a professional malpractice claim, it is not assignable.

In any event, even if Plaintiffs' claim was assignable, the Admissions form did not assign a negligence claim. The unambiguous language of the assignment clause transfers only "benefits" "for health care services" or "for services rendered or provided to Patient." The

language does not assign a pre-Plan negligence claim. Therefore, the court denies Plaintiff's Motion to Substitute Plaintiff as to the negligence cause of action.

**B.  ERISA Claim**

Defendants argue that the ERISA claim under 29 U.S.C. § 1132(a)(1)(B) for benefits should also be dismissed because it was not validly assigned to IHC. Section 1132(a)(1) authorizes civil actions only "by a participant or beneficiary." IHC is neither a "participant" nor a "beneficiary" of the Plan for ERISA purposes. ERISA defines "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). In this case, the only participant was Michael Lenhart.

A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." Michael Lenhart, however, did not designate IHC as a "beneficiary." Rather, Lori Lenhart executed the Admissions form. Lori, as Michael's spouse, is a Plan "beneficiary." To become a beneficiary under the terms of ERISA, the beneficiary must be designated by a participant. Therefore, Lori, as a beneficiary lacks the authority to designate IHC as a beneficiary. IHC, accordingly, is an assignee of a Plan beneficiary, and such parties are not authorized by ERISA to bring a civil action for benefits under § 1132(a).

In *Simon v. Cyprus Amax Minerals Healt Care Plan*, 2001 WL 640410 (10th Cir. 2001), the court determined that the plaintiff lacked standing under § 1132(a) because he was an assignee of an assignee of an ERISA plan participant. The Tenth Circuit explained that "ERISA carefully enumerates the parties entitled to seek relief under [§ 1132(a)]. . . . ERISA's

enforcement provisions, 'crafted with such evidence care,' indicate that Congress intended to limit available remedies to those included in the statute." *Id.* at *2 (citations omitted). Accordingly, the *Simon* court ruled that "an assignee of an assignee of a plan participant" could not maintain an action under § 1132(a) of ERISA.

Plaintiffs argue that *Simon* is distinguishable because it involved an assignee of an assignee, not an assignee of a Plan beneficiary. However, the *Simon* court instructed that the parties available to bring an action under ERISA must be limited to only those enumerated in the statute. The statute allows only a plan participant or beneficiary to bring suit and only a participant can designate a beneficiary. Therefore, a beneficiary cannot designate another person as a beneficiary under the terms of ERISA.

Plaintiffs claim that the more applicable precedent is *St. Francis Regional Medical Center v. Blue Cross & Blue Schield of Kansas, Inc.*, 49 F.3d 1460 (10th Cir. 1995). In *St. Francis*, the Tenth Circuit recognized that ERISA itself is silent on the issue of the assignability of benefits in insurance plans. *Id.* at 1464. The *St. Francis* court ruled that the assignability of benefits under ERSA was a matter of contract and a Plan could prohibit policyholders from assigning their right to receive insurance proceeds. Neither party contends that the Plan in this case prohibits participants from assigning their rights to benefits under the Plan. However, because *St. Francis* dealt only with a medical provider's challenge to Blue Cross' policy prohibiting assignments, it did not involve a specific assignment of benefits from a beneficiary or a participant. Even though a party can assign his or her rights as a matter of contract, under the terms of ERISA it appears that a participant can assign his or her interest to a party for purposes of bringing an action under ERISA but a beneficiary cannot.

Because the terms of ERISA clearly state that an action may only be brought by participant or a beneficiary and only a participant can designate a beneficiary, IHC is not a proper plaintiff in this case. Accordingly, the court denies Plaintiffs' Motion to Substitute Plaintiff as to the ERISA cause of action.

Having found that IHC is not the real party in interest with respect to Plaintiffs' claims against Defendants, the court need not determine whether Plaintiffs meet the "honest mistake" standard for substitution of a party contained in Rule 17.

## CONCLUSION

For the reasons stated above, the Great-West Defendants' Motion for Judgment on the Pleadings is GRANTED and Plaintiff's Motion to Substitute Plaintiff is DENIED.

DATED this 5th day of July, 2005.

*(signature)*
DALE A. KIMBALL
United States District Judge